[No. 10,767.—In Bank.]
Sept. 7, 1882.

## PEOPLE v. CHIN AH HONG,

ASSAULT WITH DEADLY WEAPON—NEW TRIAL—NEWLY DISCOVERED EVI-
DENCE.—The defendant was convicted of an assault with a deadly
weapon, and moved for a new trial on the ground of newly discovered
evidence. The affidavit of the proposed witness, was: "Two China-
men came behind Lee Wing (the prosecutor); one pulled him down, and
the other struck him. * * * Affiant is positive Chin Ah Hong, the
defendant, is not the man who struck Lee Wing.
*Held:* The affidavit does not distinctly state that the defendant took no
part in the assault.

APPEAL from a judgment of conviction, and from an order
denying a new trial, in the Superior Court of the City and
County of San Francisco. FREELON, J.

McKINSTRY, J.:

The defendant attempted to establish an *alibi;* he himself
and his principal witness swearing that he was not at the
scene of the assault.

The affidavit of McFadden, used on the motion for a new
trial, if it be considered as averring that defendant was not
present when the prosecuting witness was beaten, is merely
cumulative evidence. But the affidavit does not distinctly state
that defendant took no part in the assault. McFadden says:
"Two Chinamen came behind Lee Wing (prosecutor), one
pulled him back, and the other struck him." Further: "Af-
fiant is positive Chin Ah Hong is not the man who struck
Lee Wing."

If both took part in the assault, it is immaterial whether
defendant "pulled him back" or struck him.

Judgment and order affirmed.

MORRISON, C. J., and ROSS, SHARPSTEIN, MYRICK, McKEE,
and THORNTON, JJ., concurred.